excessive and not supported by the evidence; (2) packaging the instructions and failing to modify the phrase "occurrence mentioned in the evidence" in the damage instructions; (3) overruling Defendants' objections to and request for mistrial for Plaintiffs' question during voir dire asking panel members whether they were concerned about the impact of the verdict on medical costs; (4) overruling Defendants' objections to Plaintiffs' questions of two expert witnesses as to whether they agreed with two other experts' opinions; (5) allowing three experts to comment on certain interrogatory answers and deposition testimony provided by Doctor; and (6) overruling Defendants' objections to the admission of Doctor's interrogatory answers and deposition testimony regarding how many laproscopic gallbladder, duct-to-duct anastomosis, and/or roux-en-Y procedures Doctor had performed before the January and March 1992 procedures.

The evidence in support of the jury verdict is not insufficient. No error of law appears. An opinion reciting the detailed facts and restating the principles of law would have no precedential or jurisprudential value. The parties have been furnished with a memorandum opinion, for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed in accordance with Rule 84.16(b).

Marc S. Wallis, St. Louis, for Claimant/Appellant.

Raymond J. Flunker, St. Louis, for Employer/Respondent.

Before CRANE, P.J., and RHODES RUSSELL and JAMES R. DOWD, JJ.

## ORDER

PER CURIAM.

Claimant appeals the award of the Labor and Industrial Relations Commission (Commission) modifying the award of the Administrative Law Judge (ALJ). The ALJ calculated the rate of compensation pursuant to section 287.250.3, RSMo 1994, and the Commission reversed the ALJ's calculation and awarded compensation pursuant to section 287.250.1(4). The Commission's order modifying compensation is supported by competent and substantial evidence on the whole record; no error of law appears. A written opinion reciting the detailed facts and restating the principles of law would have no precedential value. However, the parties have been furnished with a memorandum opinion, for their information only, setting forth the facts and reasons for this order.

We affirm the order of the Labor and Industrial Relations Commission pursuant to Rule 84.16(b).

Susan KUMMER, Claimant/Appellant,

v.

ST. LOUIS COMMUNITY COLLEGE, Employer/Respondent.

No. 72842.

Missouri Court of Appeals, Eastern District, Division Two.

March 17, 1998.

Lamont WASHINGTON, Appellant,

v.

STATE of Missouri, Respondent.

No. 72636.

Missouri Court of Appeals, Eastern District, Division Two.

March 17, 1998.